IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CLIFFORD DEVINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-195 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court on the parties' joint motion to stay initial disclosures and discovery. (Doc. no. 21.) The parties request a stay of all discovery, including initial disclosures, until two weeks after the presiding District Judge's ruling on Defendant's Amended Motion to Dismiss. (Id.; see doc. no. 15.) The parties also filed a 26(f) report in response to the Court's order directing the parties to do so, (see doc. no. 19), stating the same request as in their motion to stay. (Doc. no. 20.) For the reasons set forth below, the Court **GRANTS** the parties' motion to stay. (Doc. no. 21.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the

allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, Defendant has moved for dismissal of the case in its entirety. (See doc. no. 15.) Also, the parties jointly request a stay of discovery. When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the amended motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005).

Thus, the Court **STAYS** all discovery, including initial disclosures, pending resolution of Defendant's amended motion to dismiss. Should any portion of the case remain after resolution of the motion, the parties shall confer and submit an amended Rule 26(f) Report, with proposed case deadlines, within fourteen days of the presiding District Judge's ruling.

SO ORDERED this 24th day of April, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA