IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CLIFFORD DEVINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 118-195 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

_____

**O R D E R**
_____

Defendant moves to stay discovery pending resolution of its motion to dismiss. (Doc. no. 35.) For the reasons set forth below, the Court **GRANTS** Defendant's motion to stay discovery. (Doc. no. 36.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case."

Indeed, Defendant has moved for dismissal of the case in its entirety. (See doc. no. 35.) When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of Defendant's motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005).

Plaintiff argues Defendant's motion to stay discovery should be denied because a stay of discovery is only being used by Defendant to prevent access to information that would defeat Defendant's motion to dismiss. (Doc. no. 39, pp. 1-3.) Plaintiff also argues the merits of the motion to dismiss, stating they have properly alleged assault or battery claims. (Id. at 3-10.) Consideration of the merits of the motion to dismiss and whether discovery is necessary for resolution of said motion is a matter entirely within the discretion of the presiding District Judge. Other than arguing the merits of the motion to dismiss and that discovery would defeat the motion, Plaintiff does not state any harm in staying discovery.

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendant's motions to dismiss. Should any portion of the case remain after resolution of the motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling.

SO ORDERED this 14th day of February, 2020, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA