IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CLIFFORD DEVINE, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-195 |
| UNITED STATES, | * | |
| Defendant. | * | |

ORDER

Before the Court is Plaintiff's motion for reconsideration (Doc. 53) of the Court's September 10, 2020 Order (Doc. 50). For the following reasons, Plaintiff's motion is **DENIED**.

I. BACKGROUND

The relevant facts are set forth in the Court's September 10, 2020 Order (the "Prior Order"). (Doc. 50, at 1-4.) In the Prior Order, the Court granted Defendant's motion to dismiss. On October 7, 2020, Plaintiff filed the present motion asking the Court to reconsider the dismissal of Plaintiff's Federal Tort Claims Act ("FTCA") claims, alleging clear error.[1] (Doc. 53.)

---

[1] Plaintiff also requests leave to amend be granted "[i]f the [Amended Complaint] is determined not to state a plausible claim that the officers were empowered to enforce Federal law." (Doc. 53, at 2.) Plaintiff may not amend his pleading after his case has been dismissed, so that request is **DENIED**. See Rufus v. Chapman, No. 3:11-cv-74, 2011 WL 4434535, at *2 (M.D. Ga. Sept. 22, 2011).

Plaintiff specifies that he brings the motion for reconsideration under Federal Rule of Civil Procedure 59(e). The motion was filed within twenty-eight days of the Court's Prior Order; therefore, it is proper to analyze the motion under Rule 59(e). See Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011) ("[I]f a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework."); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former deadline).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). Plaintiff specifies he is moving for reconsideration under ground (3) because there is a need to correct clear error or prevent manifest injustice.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman

2

v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (internal quotations and citation omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th

3

Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

In the present motion, Plaintiff contends the controlling case is Millbrook v. United States, 569 U.S. 50 (2013), and that the Court did not properly apply this Supreme Court precedent when deciding its Prior Order. Plaintiff did not mention this case in his Amended Complaint (Doc. 34) or in either of the two responses he filed in opposition to Defendant's motion to dismiss (Docs. 44, 47). Despite this, Plaintiff now argues the Court's reliance on Cross v. United States, 159 F. App'x 572 (5th Cir. 2005) in its Prior Order was clear error. Plaintiff contends, relying on Millbrook, that the determination of sovereign immunity should be based on "whether the officers were empowered to arrest for violations of federal law," and that the Court's Prior Order incorrectly focused on the "security activity." (Doc. 53-1, at 7.) Essentially, Plaintiff moves for the use of a "status test" to determine immunity, which completely contradicts his oppositions to Defendant's motion to dismiss in which he argued for the use of a "function test." (See Doc. 44, at 12 ("[T]he statute is triggered not by title or 'by mere status,' rather it is triggered by 'actual conduct' or the function the particular officers were pursuing at the time of the challenged arrest or touching, and if their actual conduct is performing investigative

4

law enforcement functions, the exemption under 28 U.S.C. § 2680(h) is established.").)

In response to Plaintiff's motion, Defendant contends that all of Plaintiff's new arguments "could have and should have been presented when he opposed [Defendant's] Motion to Dismiss." (Doc. 56, at 1.) Further, Defendant argues "Plaintiff invited this error by urging an erroneous standard upon the Court." (Id. at 4.) Defendant cites to the "invited error doctrine" for establishing "that someone who invites a court down the primrose path to error should not be heard to complain that the court accepted its invitation and went down that path" and argues this is exactly what Plaintiff is doing here. (Id. (citing Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204, 1213 (11th Cir. 2011) (internal quotation marks omitted)).) Defendant points out that Plaintiff pushed for the use of a "function test" at the motion to dismiss stage and is now completely switching his position to support the use of a "status test" to determine if immunity is waived. But Defendant argues that regardless of which test is used, Plaintiff's Amended Complaint fails to establish that the arresting personnel were law enforcement officers, and therefore, dismissal is still the correct outcome. (Id. at 8.)

Plaintiff fails to directly address Defendant's contention that he is urging the use of a different test than originally requested, and instead argues he has not been "lying in wait," or

5

intentionally taking an adverse position, which he claims is required for the invited error doctrine to apply. (Doc. 59, at 3.) Plaintiff maintains the position that there is an immunity waiver that should apply here, which is not what Defendant contends; Defendant only argues Plaintiff changed his stance on which test should be applied. Plaintiff further argues the Court incorrectly construed his Amended Complaint in the light most favorable to the Defendant instead of the Plaintiff when granting the motion to dismiss. (Id. at 1.) Plaintiff also contends "[i]n the first round of their motion to dismiss, the [Defendant] stated, 'It is undisputed that the officers named in the Complaint were empowered by law to make arrests: therefore, were 'law enforcement officer[s]' under the FTCA." (Id. at 7.)

Defendant filed a sur-reply entirely focused on these contentions. (Doc. 60.) The Court agrees with Defendant's position that because Plaintiff filed an Amended Complaint, the Defendant's original motion to dismiss was deemed moot and is therefore irrelevant to the case at this point. See S. Pilot Ins. Co. v. CECS, Inc., 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga. 2013) ("An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint.") Therefore, Plaintiff's assertions involving Defendant's statements in its motion to dismiss the original complaint are disregarded.

## II. DISCUSSION

The Court finds that reconsideration is not warranted in this case because: (1) there has been no intervening change in controlling law; in fact, the case Plaintiff urges the Court to use to reconsider its Prior Order was decided in 2013; (2) there are no allegations that new evidence is available; and (3) there has not been a clear error or any manifest injustice. Despite this, out of an abundance of caution, the Court will address Plaintiff's claim that Millbrook is the controlling law, and illustrate that regardless of which test is applied, Plaintiff's claims are still barred by sovereign immunity.

"Absent a waiver, sovereign immunity shields the Federal Government . . . from suit. Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." King v. United States, 878 F.3d 1265, 1267 (11th Cir. 2018) (internal quotations and citations omitted). "The FTCA operates as a limited waiver of the United States' sovereign immunity." Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996). When a tort claim is brought against the United States, the court evaluates whether "the United States may be held liable pursuant to the terms of the statute." Id. If the court is unable to find a waiver, the court lacks subject matter jurisdiction to maintain the suit. Id.

28 U.S.C. § 1346(b)(1) provides a general waiver of the United States' immunity in suits against Government employees acting within the scope of their employment. The FTCA then provides exceptions to the waiver that restore immunity. The applicable statutory language for the law enforcement proviso states:

> The provisions of this chapter and section 1346(b) of this title shall not apply to . . . (h) Any claim arising out of assault, battery, [or] false imprisonment . . . : *Provided*, [t]hat, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, [or] false imprisonment. . . . For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680. "While claims for [battery] or false imprisonment generally are not viable under the FTCA, 'with regard to acts or omissions of *investigative or law enforcement officers of the United States Government*,' such claims may be brought against the government." Metz v. United States, 788 F.2d 1528, 1531 (11th Cir. 1986) (citing § 2680(h)).

Plaintiff requests the Court reconsider whether the arresting personnel in this case are investigative or law enforcement officers under the law enforcement proviso. For the reasons stated below, the Prior Order's determinations that the personnel are not investigative or law enforcement officers and finding sovereign

immunity prevents the Court from having jurisdiction over Plaintiff's FTCA claims is not disturbed. The Court addresses the parties' arguments by breaking down Plaintiff's claims into, first, the two enumerated torts: battery and false imprisonment, and, second, the failure to warn claim "arising out of" the enumerated torts.

**A. Enumerated Torts – Battery and False Imprisonment Claims**

As explained in the Prior Order, "if the arresting personnel are not investigative or law enforcement officers under the exception, the Court lacks jurisdiction over Plaintiff's false imprisonment and battery claims in their entirety." (Sept. 10, 2020 Order, at 8.) Plaintiff relies on Millbrook to argue the Prior Order's decision was one of clear error. The Supreme Court looked beyond the plain statutory language requirements that: (1) "the conduct must arise from one of the six enumerated intentional torts," and (2) "the law enforcement officer's acts or omissions must fall within the scope of his office and employment" to see if additional limits to the waiver of sovereign immunity existed. Millbrook, 569 U.S. at 55 (internal quotations omitted). The Supreme Court specifically explored "whether the FTCA further limits the category of 'acts or omissions' that trigger the United States' liability." Id. It explained that "this provision (sic) focuses on the *status* of persons whose conduct may be actionable, not the types of activities that may give rise to a tort claim

9

against the United States." Id. at 56. The Supreme Court ultimately held "the waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest." Id. at 57. Millbrook did not abrogate or overrule Cross because Cross did not address the same issue; this explains why the decisions do not contradict one another. Cross used a function test to determine if the acting personnel fit the title of an investigative or law enforcement officer under the FTCA waiver exceptions. Conversely, in Millbrook, it was uncontested that the acting personnel were officers, so the Court explored whether the officers' immunity depends on what kinds of acts or omissions they were carrying out when the intentional tort occurred.

Although the Court relied on Cross in its Prior Order because of the similarity of the facts between the cases, the conclusion it reached is consistent with the conclusion reached when applying Millbrook. The arresting personnel are still entitled to sovereign immunity. In its Prior Order, the Court looked at Plaintiff's allegations that the arresting personnel were "play[ing] the role [of] law enforcement officers" (Am. Compl., ¶ 16) and explored whether them allegedly playing this role took these individuals to the level of a law enforcement officer within the meaning of

10

§ 2680(h). (See Sept. 10, 2020 Order, at 8.) The Court, applying a function test to analyze the arresting personnel's actions, found it did not.

Despite Cross still being accepted law, the Court examines the underlying facts using the Millbrook status test. "[A]n intentional tort is not actionable unless it occurs while the law enforcement officer is 'acting within the scope of his office or employment.'" Millbrook, 569 U.S. at 57 (citing §§ 2680(h), 1346(b)(1)). Plaintiff's Amended Complaint fails to meet the threshold requirement that the arresting personnel be law enforcement officers. Throughout his Amended Complaint, Plaintiff asserts that the arresting personnel were "play[ing] the role [of] law enforcement officers," "agents playing the role of officers," "agents of the United States playing the role [of] officers," and "agents of the government playing the role of officers as part of the drill," but never asserts facts to justify finding that the arresting personnel were in fact investigative or law enforcement officers. (See Am. Compl., ¶¶ 16, 23, 25, 26, 49.) The Court "focuses on the *status* of persons whose conduct may be actionable, not the types of activities that may give rise to a tort claim against the United States." Millbrook, 569 U.S. at 56. The status of these personnel does not move them into the category of investigative or law enforcement officers based on the facts presented. An investigative or law enforcement officer is "any

11

officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." § 2680(h).

In this case, the arresting personnel were simply military officials carrying out their assigned roles pursuant to a drill on base. Nothing in the facts leads the Court to believe these persons were empowered to execute searches, seize evidence, or make arrests for violations of Federal law; instead, they simply were following the instructions of their supervisors and securing Fort Gordon during a "terrorist on base drill." While the Court accepts Plaintiff's allegations that these persons were "playing the role of law enforcement officers," that does not meet the status requirement necessary to waive sovereign immunity. Pursuant to this, applying the <u>Millbrook</u> status test, the Court finds the enumerated torts are not actionable because they were not performed by investigative or law enforcement officers acting within the scope of their office or employment. See §§ 2680(h), 1346(b)(1). Therefore, sovereign immunity has not been waived.

## B. Claim Arising out of Enumerated Torts – Failure to Warn

As explained in the Prior Order, Plaintiff's failure to warn claim arises out of the asserted false imprisonment and battery claims. Consequently, the failure to warn claim is also barred based on the Court's determination that § 2680(h) prevents the false imprisonment and battery claims from moving forward. The

12

Court also notes that neither Plaintiff nor Defendant made additional explicit arguments regarding the failure to warn claim's dismissal in their reconsideration filings.

Thus, the Court finds § 2680(h) returns the Government's immunity with respect to all of Plaintiff's claims. (<u>See</u> Sept. 10, 2020 Order, at 11-13.) Based on these findings and the high bar required to justify reconsideration of a prior order, Plaintiff's motion for reconsideration is **DENIED**.

### C. Discretionary Duty Exception

The Court has already confirmed that § 2680(h) shields the Government from Plaintiff's claims; thus, the Court again declines to decide the applicability of the discretionary duty exception under § 2680(a).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 53) is **DENIED**. This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of February, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA